FILED
RECEIVED
LODGED
OCT 04 2013
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY                                                    DEPUTY

10  Luis Ewing
    c/o 34218 S.E. 22nd Way,
11  (City of) Washougal,
    The State of Washington [98671]

12                                                    MOTION FOR EN FORMA PAUPERIS

13  In re:

14              IN THE UNITED STATES DISTRICT COURT
                 WESTERN DISTRICT OF WASHINGTON
15                    TACOMA, WASHINGTON

                                            CV13  5882 RJB
16  In Re the Welfare of:              )  No. _____
                                       )
17  [illegible]                        )  Reference & Joinder No. 13-7-00248-5, 13-7-00247-7;
                                       )  12-7-00376-9, 12-7-00375-1, 12-7-00374-2
18  PW — 2607                          )
    MT — 2000                          )  MOTION FOR EN FORMA PAUPERIS IN SUPPORT
19  LW — 2005                          )  OF PETITION FOR REMOVAL
                                       )
20  _____

21              MOTION FOR EN FORMA PAUPERIS IN SUPPORT
                         PETITION FOR REMOVAL
22

23

24      The NOW COMES Sovereign Accused Luis Ewing,  Relator herein, by special appearance

25  **RCW 4.28.210,**  in propria persona, by necessity, proceeding in summo jure, without prejudice

to any of his constitutionally secured rights, to move the court to allow him to proceed Informa Pauperis as he is indigent.

Luis Ewing is currently defined in Blacks Law Dictionary, sixth edition, *Powers v. State,194 Kan. 820, 402 p.2d 328, 332,* as an "**INDIGENT,**" and have been for some time, without means, or ability to use "legal tender" as defined by the Supreme Court of Washington in 1868 to be "gold and silver" in the case of Dennis v. Moses, 18 Wash. 537, 548-550, 555, 600, 601 (1898). The Courts intention to charge costs and fees in advance these cases is a deprivation of Luis Ewing rights under the **1st Amendment to the United States Constitution (right to redress).** The Respondent/Defendant's Constitutional Rights are guaranteed and the state can not charge a fee in advance for the exercise of a Constitutionally secured right. Any fees demanded in advance by this court are in violation of **RCW 10.10.060, and Washington State Constitution Article 1, sections 1, 2, 3, 14, 20, 22, 29, 30, & 32.** Therefore by virtue of **Marbury v. Madison and Murdock v. Pennsylvania, 5 U.S. (1 Cranch) 137, 2 L.Ed. 60 (1803)** where it is declared that no state shall charge for the enjoyment of a right, and any law or rule that is repugnant to the Constitution is null and void. FOR THIS COURT TO RULE OTHERWISE WOULD BE A DECLARATION BY THIS COURT THAT NO ONE HAS A **RIGHT** TO DUE PROCESS IN THE STATE OF WASHINGTON, AND THAT NO

ONE HAS A 1ST AMENDMENT RIGHT TO ACCESS TO THE COURTS, AND THAT THERE IS NO SUCH THING AS "DUE PROCESS OF LAW" IN WASHINGTON, AND THAT "DUE PROCESS" IS A PRIVILEGE GRANTED BY THE STATE, AND SUCH A RULING WOULD BE TREASON.

An indigent criminal or civil defendant is required to be provided with those basic tools of an adequate defense or appeal which are available to non-indigents for a fee. Griffin v. Illiniois, 351 U.S. 12, 100 L.Ed. 891, 76 S.Ct. 585 (1956); Beardon v. Georgia, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983); Tate v. Short, 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130 (1971) and Williams v. Illinois, 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970). Among these basic tools which must be provided is a transcript of a prior trial. Britt v. North Carolina, 404 U.S. 226, 30 L.Ed.2d 400, 92 S.Ct. 431 (1971); State v. Williams, 84 Wn.2d 853, 529 P.2d 1088 (1975); State v. Mustain, 21 Wn.App. 29 (1978).

"Likewise, the **Magna Carta** declares:

"To no one will we sell, deny, or delay right or justice.", ...But it must also be recognized that, in addition to the provisions of the fourteenth amendment to the federal constitution, **Art. 1, section 3 of the Washington Constitution,** provides that "no person shall be deprived of life, liberty, or property, without due process of law." ...This collides headlong with the specific guarantee in the Bill of Rights. **Amendment 10 of the state constitution** provides:

" . . . **In no instance shall any accused person before final judgement be compelled to advance money or fees to secure the rights herein guaranteed."** **IN RE BORCHERT,** 57 Wn. (2d) 718-752 (February 1961).

". . . every citizen of the United States from the most remote States or territories, is entitled to **FREE ACCESS**, not only to the principle departments established at Washington, but also to its judicial

tribunals and public offices in every state of the Union." **2 Black 620**; Also see Crandal v. Nevada, 6 Wall 35. And;

   "**At least two different rationales lead to the conclusion that, in Washington, the right of access to the courts entails a fundamental right.** First, some rights are the essential basis for the assertion of all other rights. Thus, the right to travel is the essential basis for the assertion of the right to work, to pursue one's economic and social well being, et cetera. Similarly, the right to vote is aimed at preserving an assortment of values. Thus, some rights are preservative of all rights" and are therefore deemed fundamental. The right of access to the courts is such a right since the judicial system is the central institution for the assertion, protection, and enforcement of most other rights in our society. See Goodpaster, The Integration of Equal Protection, Due Process Standards, and the Individual's Right of Free access Standards, and the Indingent's Right of Free Access to the Courts, 56 Iowa L. Rev. 223, 249-56 (1970); Michelman, The Supreme Court and Litigation Access Fees: The Right to Protect One's Rights –Part II, 1974 Duke L.J. 527, 534-39. Accordingly, we consider access to the courts to be a fundamental right.

   As an alternative predicate for the conclusion that access to the courts is a fundamental right, reference can be had to Const. art. 1, section 4:

   The right of petition and of the people peaceably to assemble for the common good shall never be abridged.

   [7] The historical roots of the right to petition can be traced to the Magna Carta and the Declaration of Rights of 1689. See generally Sources of our Liberties 21 (R. Perry ed. 1959). The initial question is whether the right to petition, as embodied in our Washington Constitution, contemplates petitioning the legislature, executive, or the judiciary. At the very least, the right to petition must include petitioning the judiciary, for it is this branch of our system of government that is the final arbiter of our constitution and that has the ultimate power to redress grievances arising from unconstitutional legislative action. Moreover, the judiciary is the ultimate enforcer of common-law rights, and this enforcement process can be commenced only if our citizenry has the right to petition the judiciary and invoke its machinery. See Note, A First Amendment Right of Access to the Courts for Indigents, 82 Yale L.J. 1055, 1059-60 (1973).

   ...It is in this reference-frame that the equal privileges and immunities clause of our state constitution should be construed. Const. art. 1, section 12 provides:

   No law shall be passed granting to any citizen, class of citizens, or corporation other than municipal, privileges or immunities which upon the same terms shall not equally belong to all citizens, or corporations.

   (Italics ours.)

   [8] Analytically, this case involves an "intersection" between our equal protection clause and a fundamental right. Cf. Police Dep't v. Mosley, 408 U.S. 92, 33 L. Ed. 2d 212, 92 S. Ct. 2286 (1972). In this posture, a compelling state interest must be demonstrated to justify affording some citizens, but not others the right to appeal. Eggert v. Seattle, 81 Wn.2d 195, 517 P.2d 599 (1973).

   ...It seems clear that allegedly recouping court costs via filing fees is makeweight at best, since it is now well established that only a small percentage of court expenses is met by this method. See Note, 45 Wash. L. Rev. 389, 398, n.47 (1970). ...The preceding analysis of state constitutional provisions is by no means novel, but on the contrary is well supported. Arizona has construed it equal privileges and immunities clause, which is identical in language to that in the Washington Constitution, to require an equal opportunity to appeal regardless of financial status. Hampton v. Chatwin, 109 Ariz. 98, 505 P.2d 1037 (1973) (waiver of cost bond on appeal). See also Harrington v. Harrington, 269 A.2d 310 (Me. 1970); Chambers v. District Court, 261 Iowa 31, 152 N.W. 2d 818 (1967)." **CARTER v. UNIVERSITY, 85 Wn.2d 391, 398, 399, 400, 402 (June 5, 1975).** And;

See also Phony Washington State Corporate Charter Revised Code of Washington Volume 0 Code Constitution Article 1, section 22 Rights of the accused which states in part:

"...In no instance shall any accused person before final judgment be compelled to advance money or fees to secure the rights herein guaranteed." And;

SEE THE ONE AND ONLY VALID AND REAL 1889 CONSTITUTION AS APPROVED BY THE 50TH CONGRESS, SENATE MIS. DOC. No. 55, CIS CONGRESSIONAL SERIAL SET INDEX 2615, VOLUME II AT PAGE 1523 ORDERED TO BE PUBLISHED ON JANUARY 28, 1889 ARTICLE V. DECLARATION OF RIGHT, SEC 9 TO WIT:

"ARTICLE V. DECLARATION OF RIGHT SEC. 9. Every person in the State shall be entitled to a certain remedy in the law for all wrongs and injuries which he may receive in his person, character, or property; justice shall be administered to all freely and without purchase; completely and without denial; promptly and without delay; and all courts shall be open to the public." And;

The above Constitution was approved by the 50TH CONGRESS 2d Session., MIS. DOC. No. 55 IN THE SENATE OF THE UNITED STATES. JANUARY 28, 1889.–Presented by Mr. Voorhees, referred to the Committee on Territories, and ordered to be printed, to accompany Senate bill No. 185 the "ENABLING ACT", and this was and is the Constitution upon which the President of the United States of America issued his proclamation of Statehood for Washington, and whereas the alleged [c]onstitution at Volume 0 of the Private Copyrighted Revised Code of Washington is a "FRAUD" upon the people conjured up by the Criminal Element in the former Seattle Bar Association, now known as the Washington State Bar Association. And;

"But the legislature specifically disclaimed any intention to change the meaning of any statute. The compilers of the Code were not empowered by Congress to amend existing law, and doubtless had no thought of doing so ..." Warner v. Goltra, 293 U.S. 155, 161, 79 L. Ed. 254, 55 S. Ct. 46.

...The act before us does not purport to amend a section of an act, but only a section of a compilation entitled "Revised Code of Washington," which is not the law. **Such an act purporting to amend only a section of the prima facie compilation leaves the law unchanged. En Banc."** PAROSA v. TACOMA, 57 Wn.(2d) 409, 411, 412, 413, 415, 421 (Dec.22, 1960)

"Washington incorporated this common law into territorial law in 1881 by statute, **and upon statehood territorial law became law of the state. Code of 1881, section 1; CONST. art. XXVII, section 2.** See also RCW 4.04.010 ("The common law . . . shall be the rule of decision in all the courts of this state.") "Shall" is imperative. State v. Krall, 125 Wn.2d 146, 148, 881 P.2d 1040 (1994)." STATE v. VALENTINE, 132 Wn.2d 1, 41, 935 P.2d 1294 (May 1997). And;

"Statute law, as adopted by the legislature, prevails over a restatement thereof in the code. RCW 1.04.020-.021." STATE EX REL. ETC. v. MERCER ISL., 58 Wn. (2d) 141, 144 (April 20, 1961.) And;

"Territorial laws have a specific constitutional sanction and approval which subsequent state statutes do not have.")." GERBERDING v. MUNRO, 134 Wn.2d 188, 208, 209 949 P.2d 1366 [No. 65059-4. En Banc.] (January 8, 1998). And;

"No act of the people of a Territory, without the sanction of Congress, can change the territorial into a State government. The constitution requires the assent of Congress for the admission of a State into the Union; and "the United States guaranty to every State in the Union a republican form of government." HENCE THE NECESSITY IN ADMITTING A STATE, FOR CONGRESS TO EXAMINE ITS CONSTITUTION." Scott et al. v. Jones, (5 Howard 343), 46 U.S. 343 (January 1847). And;

"By the enabling act of Congress, passed February 22, 1889, the territory of Washington **became** the State of Washington." RYAN v. STATE, 188 Wash. 115, 130 [No. 26060. En Banc. October 28, 1936.] And;

This happened because Congress reviewed Mr. Voorhees presentation of the 1878 Walla Walla Constitution and order for publication on January 28, 1889 by the 50TH CONGRESS, SECOND SESSION MIS. DOC. 55, SERIAL SET 2615. VOLUME II PAGE 1523 OF THE CONGRESSIONAL RECORDS. THEREFORE, IT IS UNDISPUTED THAT THE 1878 WALLA WALLA CONSTITUTION IS IN FACT AND LAW THE ONE (1) AND ONLY VALID 1889 CONSTITUTION FOR "The State of Washington."

"When a State forms a constitution, which is approved by Congress, it is estopped to deny its validity. The action of Congress cannot be inquired into, for the judicial is bound to follow the action of the political department. White v. Hart, 39 Ga., 306; Powell v. Boon, 43 Ala.1, 459" **Luther v. Borden et al., 48 U.S. 1 (1849)**. And;

In **Allen v. Office Employees Int'l Union**, 53 Wn.2d 1, 329, P.2d 205 (1958), the Washington State Supreme Court once again held that the constitution and by-laws of an organization constitute a contract between a member and the organization, and that the terms of such constitution and by-laws are enforceable and are the measure of the relative rights and privileges of the parties. In the course of the opinion, the court quoted approvingly from a California case which it found appropos to the situation:

"The law was succinctly stated by the California District Court of Appeals in Harris v. National Union of Marine Cooks and Stewarts, 98 Cal. App.2d 733, 221 P.2d 136, in the following paragraph:
'The constitution of the Union constitutes a contract with the members and is the measure of the authority conferred upon the organization to expel or otherwise discipline them. [Citing cases]; Accord: Leo v. Local Union No. 612 of International Union of Operating Engineers, 26 Wn.2d 498, 174 P.2d 523 (1946).

"IT IS THE DUTY OF THE COURT TO DECLARE THE MEANING OF WHAT IS WRITTEN, AND NOT WHAT WAS INTENDED TO BE WRITTEN. J.W. Seavey Hop Corp. v. Pollock, 20 Wn.2d 337, 348-49, 147 P.2d 310 (1944), cited with approval in Berg v. Hudesman, 115 Wn.2d at 669.
[3] Washington follows the general theory of contracts, focusing on the objective manifestations of the agreement rather than the less precise subjective intent of the parties not otherwise manifested. Absent fraud, deceit or coercion, a VOLUNTARY signatory is bound to a signed contract even if ignorant of its terms. Sherman v. Lunsford, 44 Wn. App. 858, 861, 723 P.2d 1176 (1986). See Lyall v. DeYoung, 42 Wn. App. 252, 256-57, 711 P.2d 356 (1985), review denied, 105 Wn.2d 1009 (1986), and cases cited therein. Therefore, the parties are bound by the contract as signed and the parol evidence cannot change the contract, only aid in its interpretation." **WELL TRUST v. GRAND CENTRAL, 62 Wn. App. 593, 602, 815 P.2d 284 (August 26, 1991)**. And;

"Indigent criminal defendants have a constitutional right to review at public expense. **In re Lewis, 88 Wn.2d 556, 564 P.2d 328 (1977)**." **SEATTLE v. WILLIAMS, 101 Wn.2d 445, 457, 680 P.2d 1051 (April 12, 1984)**. And;

"It must be remembered, however, that the right to appeal is a constitutional right. Consequently, any waiver of that right via the alleged abandonment of an appeal must be knowing, intelligent and voluntary. State v. Adams, 76 Wn.2d 650, 458 P.2d 558 (1969)." **STATE v. ASHBAUGH, 90 Wn.2d 432, 439, 583 P.2d 1206 [No. 45181. En. Banc. August 31, 1978.]** And;

"...the State has a constitutional duty to provide the indigent as adequate and effective an appellate review as that given appellants with funds–the State must provide the indigent defendant with means of presenting his contentions to the appellate court which are as good as those available to a non-indigent defendant with similar contentions." **STATE v. JACKSON, 87 Wn.2d 562, 565, 554 P.2d 1347 [No. 44143. En. Banc. October 14, 1976.]** And;

"But here, as in the Griffin case, we do hold that, "[d]estitute defendants must be afforded as adequate appellate review as defendants who have money enough to buy transcripts." **STATE v. ATTEBERRY, 87 Wn.2d 556, 559, 554 P.2d 1053 [No. 44075. En. Banc. October 7, 1976.]** And;

"**But no bond or deposit shall be required when the appeal is taken** by the state, or by a county, city, town or school district thereof, or **by a defendant in a criminal action**." **STATE EX REL. ROBERTS v. SUPERIOR COURT, 32 Wash. 143, 148 (July 1, 1903).** And;

"While it is true, as provided in CAROA 52, "no appeal shall be dismissed for any informality or defect in the notice of appeal, the appeal bond, or the service or filing of either . . .," **the rule clearly shows that a notice of appeal and an appeal bond are not the same thing.** Expressio est exclusio alterius, i.e. expression of one thing is the exclusion of another. And this maxim likewise applies to ROA 1-46 and CAROA 46. **When the rule says a defendant must "file a notice of appeal," it does not mean an appeal bond.** And;

Not only a Latin maxim, but also the rationale of CAROA 46 requires a notice of appeal. ...Rather, the rule requires express notice in writing. State v. Miller, 67 Wn.2d 59, 406 P.2d 760 (1965)." **STATE v. SORENSON, 2 Wn.App. 97, 103 (March 16, 1976).** And;

"After notice of appeal is given as herein required, appellant shall diligently prosecute his appeal, and within thirty days from the entry of judgement, shall file with the clerk of the superior court **a transcript duly certified by such judge, furnished by such judge without charge**, and containing a copy of all written pleadings and docket entries of the lower court. Within 10 days after the transcript is filed, appellant shall note the case for trial." **STATE v. LADIGES, 63 Wn.(2d) 230, 233 (November 7, 1963).** And;

"After notice of appeal is given as herein required, appellant shall diligently prosecute his appeal, and within 30 days from the day of entry of judgment, shall file with the clerk of the superior court **a transcript duly certified by such judge, furnished by such judge without charge**, and containing a copy of all written pleadings and docket entries of the lower court. Withing 10 days after the transcript is filed, appellant shall note the case for trial." **PORT ANGELES v. DUSTIN, 73 Wn.2d 712, 713, 714 (May 2, 1968).** And;

"The petitioner filed a notice of appeal and now seeks an order for the expenditure of public funds to finance it. She relies on the case of Carter v. University of Washington, 85 Wn.2d 391, 536 P.2d 618 (1975), in which a plurality of this court held that, in civil as well as in a criminal action, **an indigent has a constitutional right to appeal without payment of the courts filing fee or without providing the cost bond required under ROA 1-22**. . . . The Constitution itself expressly gives a

right of appeal in all criminal cases. Const. art. 1, section 22." **HOUSING AUTHORITY v. SAYLORS**, 87 Wn.2d 732, 740, 557 P.2d 321 (November 18, 1976). And;

Furthermore this Court is must take **Mandatory Judicial ER201 (d)(e) & (f) of CrR 1.1 & CrRLJ 1.1 SCOPE**, which reads:

> "These rules <u>govern</u> the procedure in the courts of [general] & limited jurisdiction of the State of Washington in all criminal proceedings and <u>**supercede all procedural statutes and rules that might be in conflict.**</u> They shall be interpreted and supplemented in light of the common law and the <u>decisional law of this state</u>. **THESE RULES SHALL NOT BE CONSTRUED TO AFFECT OR DEROGATE FROM THE CONSTITUTIONAL RIGHTS OF ANY DEFENDANT.**"

See also **CrR 1.3 EFFECT**

> "...any constitutional rights are not impaired by these rules."

This court then owes Luis Ewing all Court Costs and Fees.

This motion is tendered in order to proceed **"Informa Pauperis"** in these actions and is not tendered to delay these proceedings

_____
Luis Ewing

Dated this 4th day of October, A.D. 2013

WAWD (Rev. 12/11) IFP and Written Consent

# UNITED STATES DISTRICT COURT
### Western District of Washington

Plaintiff: Dept. of Social Services State of Washington

vs.

Defendant(s): Lois Erwin

Case Number: CV13 5___ [FILED/RECEIVED/LODGED OCT 04 2013 CLERK U.S. DISTRICT COURT WESTERN DISTRICT OF WASHINGTON AT TACOMA DEPUTY]

**DECLARATION AND APPLICATION TO PROCEED IN FORMA PAUPERIS AND WRITTEN CONSENT FOR PAYMENT OF COSTS**

## DECLARATION AND APPLICATION TO PROCEED IN FORMA PAUPERIS

I (print your name) __Lois Erwin__ declare I am the plaintiff in this case; I believe I am entitled to relief; and I am unable to pay the costs of this proceeding or give security therefor. The nature of my action is briefly stated as follows: __Termination of Parent Rights — Removal from State Cust—__

In support of this application, I answer *all* of the following questions:

1. Are you presently employed?

   ☐ Yes  Total amount of net monthly salary (take home pay) $ _____

   Name and address of employer _____

   ☒ No  Date of last employment __3-4 Months Ago__  Total amount of last net monthly salary $ __0__

2. If married, is your spouse presently employed?  ☐ Not married

   ☐ Yes  Total amount of spouse's net monthly salary (take home pay) $ __N/A__

   Name and address of employer __N/A__

   ☒ No  Date of spouse's last employment __N/A__  Total amount of last net monthly salary $ _____

3. For the past twelve months, list the amount of money you and/or your spouse have received from any of the following sources.

   a. Business, profession or other self-employment  $ 600.00 – 800
   b. Income from rent, interest or dividends  $ 0
   c. Pensions, annuities or life insurance payments  $ 0
   d. Disability, unemployment, workers compensation or public assistance  $ 0
   e. Gifts or inheritances  $ 0
   f. Money received from child support or alimony  $ 0
   g. Describe any other source of income _____  $ 0

4. List the amount for each of the following for you and/or your spouse:

Cash on hand $ 60.00    Checking Account $ 0    Savings Account $ 0

5. Do you and/or your spouse own or have any interest in any real estate, stocks, bonds, notes, retirement plans, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)? If Yes, describe the property and state its approximate value:

☐ Yes
☒ No

See Attached

$ 

6. Are any persons dependent upon you or your spouse for support? If Yes, state their relationship to you or your spouse, and indicate how much is contributed toward their support each month. (Do not include names of minor children.)

☐ Yes
☒ No

0

$ 

7. Describe the types of monthly expenses you incur, such as housing, transportation, utilities, loan payments, or other regular monthly expenses and the amount spent each month.

600.00 — 800.00         $ 700.00 + 800.00

8. Provide any other information that will help explain why you cannot pay court fees and costs.

I am broke + Unemployed

I declare under penalty of perjury that the foregoing is true and correct.

Oct. 4/2013          _____
**Executed on: (Date)**   **Signature of Plaintiff / Defendant**

### WRITTEN CONSENT FOR PAYMENT OF COSTS UNDER LOCAL RULE CR3(b)

I, (print your name) _____Levis Enry_____

hereby consent that any recovery in damages that I may receive in the above-captioned cause may be reduced, if so directed by the court, in such an amount as is necessary for payment of the unpaid fees and costs which are taxed against me in the course of this litigation.

10/4/2013          _____
**Executed on: (Date)**   **Signature of Plaintiff**