Shelter Care date _7-25-12@1:34_

1
2

FILED
KITSAP COUNTY CLERK

Response date _8-5-12 @9:30an_

3
4
5

12 JUL 25  PM 1: 19

DAVID W. PETERSON

BY_____DEPUTY

_30 Day Staffing_
_August 23, 2012 @ 11'00an_
_DCFS_

6
7

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KITSAP
JUVENILE DIVISION

8
9    Dependency of                    )
                                      )      NO. _12.7-00375-1_
10   Luis West                        )
                                      )      **DEPENDENCY PETITION**
11   B.D.: 12/6/2005                  )
                                      )
12                                    )

13                          I.    BASIS

14   I represent to the court the following:

15   **1.1    Information about the child:**

16       **Name:** Luis West        **Age:  6 years old**        **Sex:**  Male
         **Date of Birth:**  12/6/2005
17       **Address:**  homeless

18   **1.2    The child:**

19       ( )    is an Indian child as defined in 25 U.S.C. 1903(4).  The Indian Child
                Welfare Act, 25 U.S.C. 1901 et seq., applies to this proceeding.  See
20              attached Addendum to Petition.

21       (X)    may be an Indian child as defined in 25 U.S.C. 1903(4).  The Indian
                Child Welfare Act may apply to this proceeding.   See attached
22              Addendum to Petition.

23       ( )    is or may be a Canadian Indian child or an unenrolled Indian child as
                defined in WAC 388-70-091 (2) and (3).  The Indian Child Welfare Act
24              does not apply to this proceeding.

25       ( )    is not an Indian.  The Indian Child Welfare Act does not apply to this
                proceeding.

26

27   DEPENDENCY PETITION
     Page 1
28   DSHS 9-428x (12/09)

**1.3     Known information about the parent(s), guardian or custodian:**

    **(a)     Name of ALLEGED father:** Luis Ewing/John Doe
          **Address:** 1911 SW Campus Drive, Apt 352,
                  Federal Way, WA 98023

    **(b)     Name of Mother:** Katherine West
          **Address:** Kitsap County Jail

    **(c)     Marital status of parents: Single**

**1.4     The child is dependent according to RCW 13.34.030 (6) in that:**

    **( )     (a)     the child has been abandoned, that is, the child's parent, guardian or other custodian has evidenced either by statement or conduct, an intention to forego, for an extended period, all parental rights or responsibilities despite an ability to do so;**

    **(X)     (b)     the child is abused or neglected as defined in Chapter 26.44 RCW;**

    **(X)     (c)     the child has no parent, guardian or custodian capable of adequately caring for the child, such that the child is in circumstances which constitute a danger of substantial damage to the child's psychological or physical development;**

**1.5  The allegation of dependency is based on the following facts:**

1. Katherine West is the mother to Miles Tejano (DOB: 4/20/2000), Luis West (DOB: 12/6/2005) and Pheonix West (DOB: 8/9/2007)

2. Miles Tejano was the legal father to Miles. He is listed on the birth certificate. However, Mr. Miles states he will be providing the Department with DNA testing completed in another state demonstrating he is not the father.

3. Luis Ewing is the alleged father to Pheonix and Luis. He is not listed on the birth certificate.

4. Ms. West is currently incarcerated at the Kitsap County Jail. She states she has 3 FTA's out of King County for a DUI and may be transferred to the King County Jail. She stated she is attempting to post bail for herself.

5. Approximately 12 years ago, current protection order filed on Ms. West's behalf by the Pierce County Sheriff's department. This protection order expires on 1/1/2999. Miles, the child, was

**DEPENDENCY PETITION**
Page 2
DSHS 9-428x (12/09)

named as a protected party in the protection order. Both Ms. West and Miles are protected against, Mr. Miles Tejano.

6. Ms. West has a protection order protecting her from Mr. Larry Mase. This protection order expires on 2/6/2014.  Ms. West has been residing with Mr. Mase on Mr. Mase's father's property.

7. On 12/6/2005, the hospital social worker reported that Ms. West was admitted to the hospital. Ms. West did not have any prenatal care during her pregnancy. Ms. West tested positive for methamphetamines, marijuana and ecstasy. Ms. West had disclosed to the nurses that she had 2 previous children removed from her care.

8. On 12/7/2005, the hospital social worker also reported that Mr. Ewing refused to sign the paternity affidavit and has been uncooperative with the hospital staff. "Mr. Ewing is presenting himself as a federal attorney and continues to tell the hospital staff that they are violating the RCW and he is quoting them."

9. On 12/7/2005, Ms. West reported to the hospital social worker that she was shocked that she tested positive for drugs. She reported taking an energy pill from a neighbor as she did not have any energy.  Ms. West further reported that she had a one night stand while she was married to Miles J. Tejano and that he is not the biological father. She shared that Miles is part African American and Mr. Tejano is apparently not. Ms. West is adamant that the biological father is Mr. Ewing.

10. On 12/7/2005, Ms. West disclosed that she had been previously married to Mr. Jerry West. They share two children with whom she does not have custody of.

11. On 12/7/2005, the Department spoke with Ms. West regarding a Voluntary Placement Agreement and PIC services. Ms. West declined a Voluntary Placement Agreement but did agree to take Luis to receive medical care.

12. On 12/7/2005, Mr. Ewing arrived at the home, while the Department social worker was present. He stated he was a federal attorney and refused to speak to the social worker. Instead he handed papers to the social worker and stated, "You have been served," then walked to his car and drove away.

13. On 12/8/2005, Ms. West agreed to a Voluntary Placement agreement and a safety plan with the Department. Random urinalysis, parenting classes and services through PCAP were recommended services.

14. On 12/14/2005, the social worker was able to confirm that Mr. Ewing was a member of the American Bar Association, but Mr. Ewing's name or his membership number (given by Mr. Ewing in his emails) was not found on the Federal Bar Association.

15. On 12/14/2005, the hospital social worker stated that the hospital received an anonymous female calling to report that Ms. West had asked her to help kidnap her baby from the hospital.

During the night, Ms. West took Luis's medical ID off and security was notified. Ms West was escorted out by Puyallup PD.  Baby Luis was at PICC.

16. On 11/2009, Ms. West requested a no-contact order protecting her from Mr. Ewing.

17. On 9/2010, Ms. West requested a no-contact order protecting her from Mr. Ewing.

18. On 9/2011, Pierce County court records indicate a pending criminal matter against Mr. Ewing. It is unclear what the original charges were; however, court records show harassment charges and violations of protection order charges later in the criminal matter.

19. On 10/19/2011, Mr. Ewing, alleged father of Luis and Pheonix, reported concerns that the children were being exposed to drug manufacturing.  Mr. Ewing reported that Ms. West obtained a no-contact order protecting her from him, "pretended to get back together with him and then called law enforcement." He further disclosed that Ms. West had taken most of his valuable belongings such as his mustang and furniture.  Mr. Ewing had hired a private investigator and learned about Ms. West manufacturing methamphetamines.

20. On 10/20/2011, the social worker attempted to visit Ms. West at her home.  When the social worker arrived at the home, Ms. West attempted to give another name.  The social worker also reported feeling unsafe as there was unusual activity such as men running from a trailer to the home with a bucket and placing unknown items the trunk of a car. When LE arrived, it was made known that one of these men, Larry Tache, had a history of manufacturing methamphetamines.

21. On 10/25/2011, Ms. West reported that she struggles with PTSD as she alleged that Mr. Ewing raping and threatening her. She stated that she has suffered domestic violence for years from Mr. Ewing.

22. On 10/28/2011, Mr. Ewing began sending a series of emails alleging that Ms. West is engaging in various criminal activities and stated he would begin a lawsuit against various agencies. Mr. Ewing listed his contact information through Skype as well as 7 different emails such as rcwcodebuster@gmail.com and so forth.

23. On 11/2011, Mr. Ewing petitioned the court for a DV protection order protecting him from Ms. West.

24. On 5/8/2012, the school counselor at Blix Elementary reported that Luis and Miles have missed 60 days of school since the beginning of the school year.  The children have been late 49 times. The school reports that Ms. West dresses "provocative and trashy." Luis and Miles often show up at 12:00 pm. The previous week Luis stated that he had not eaten yet by the time he got to school.

25. On 5/8/2012, it was further reported that during the previous week Luis was excited for a field trip to the zoo. The teacher was concerned because Ms. West had not signed the permission slip. The teacher reported that she saw Ms. West in the parking lot and went out there to have her sign the permission slip. Ms. West appeared "high on drugs."  Luis showed up for school at

DEPENDENCY PETITION
Page 4
DSHS 9-428x (12/09)

12:30 pm and missed the field trip to the zoo. The school reported that Luis was devastated. The next day Luis never showed up at all to school. The school is attempting file the BECCA.

26. On 7/24/2012, Kitsap County Sheriff found Ms. West and her three children, Miles, Luis, and Pheonix, at Horseshoe Lake Park. The Deputy reported that the family had been camping at the park in a vehicle and they are homeless. The vehicle had been reported stolen. Ms. West had a boyfriend with her but he fled the scene when police arrived. Ms. West was arrested and taken to the Kitsap County Jail.

27. On 7/24/2012, it was also disclosed that Ms. West has a warrant for a previous DUI. Ms. West was arrested for possession of stolen property.

28. On 7/24/2012, Miles, Luis and Pheonix were placed into protective custody.

29. Ms. West's criminal history includes at least three DUI, two PSP charges, two forgery charges and one shoplifting charge.

30. That the following reasonable efforts were made to prevent out-of-home placement: Due to the emergent nature of the referral, services were not able to be provided prior to foster care placement. However, in previous contact with Ms. West the following services were offered: Child Protection Team staffing, random urinalysis, safety planning, PCAP services, and VPA's.

DEPENDENCY PETITION
Page 5
DSHS 9-428x (12/09)

## II. RELIEF REQUESTED

I request that the court inquire into this matter and make such order as the court finds to be in the best interest of the child and justice.

Date: 7-25-12

_Paia Cummins_
Petitioner

_Darlene Kennedy_
DCFS Supervisor

_[signature]_
Assistant Attorney General, WSBA# 31(4)

DEPENDENCY PETITION
Page 6
DSHS 9-428x (12/09)

III.   VERIFICATION

**STATE OF WASHINGTON**          )
                                                       )ss
**COUNTY OF KITSAP**              )

**The undersigned on oath states that:**

**3.1**     I am the petitioner in this matter:   Paige Cummings, DCFS

**3.2**     I have read the above petition, know its contents, and believe it to be true.

_Paige Cummings_
**Petitioner**

Paige Cummings
**Type or Print Name**

3423 6th Street, Ste 217, Bremerton, WA  98312
**Mailing Address**

(360) 475-3694
**Telephone Number**

SUBSCRIBED AND SWORN TO this  25th  day of  July  ,  2012.

_Jortan Wickline_
**NOTARY PUBLIC in and for the State of Washington**

My commission expires: 5-10-2016

DEPENDENCY PETITION
Page 7
DSHS 9-428x (12/09)

FILED
KITSAP COUNTY CLERK.

12 JUL 25  PM 1: 19

DAVID W. PETERSON

BY____   DEPUTY

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KITSAP
JUVENILE DEPARTMENT**

| | |
|---|---|
| IN RE THE DEPENDENCY OF: ) | NO. 12-7-00375-1 |
| ) | |
| Luis West ) | MOTION AND AFFIDAVIT FOR |
| ) | ORDER TO TAKE CHILD INTO CUSTODY |
| D.O.B. 12/6/2005 ) | PURSUANT TO RCW 13.34.050 |
| _____ ) | |

## I. MOTION

COMES NOW the undersigned and moves the court for an order to take the above-named child into custody based on the following affidavit.

DATED: _7-25-12_ _____        _Paula Cummins_

DEPT. OF SOCIAL & HEALTH SERVICES,
DIVISION   OF   CHILDREN   &   FAMILY
SERVICES

## II. AFFIDAVIT

| | |
|---|---|
| STATE OF WASHINGTON | ) |
| | : ss. |
| County of Kitsap | ) |

The undersigned being first duly sworn upon, deposes and says:

1.     My relationship to the child is:  DCFS social worker.

2.     A petition has been filed with the juvenile court alleging that the child is dependent, and the allegations in the petition are incorporated herein by reference.

3.   I believe that the child's health, safety and welfare will be seriously endangered if the child is not taken into custody as shown in the Dependency Petition filed herewith and incorporated herein by reference.

_____
DCFS SOCIAL WORKER

SUBSCRIBED AND SWORN to before me this 25th  day of  July ,  2012

_____
NOTARY PUBLIC  in  and  for  the  State  of  Washington

My Commission Expires: 5-10-16

Presented by:

_____
ASSISTANT ATTORNEY GENERAL, WSBA# 31166

FILED
KITSAP COUNTY CLERK

12 JUL 25  PM 1:19

DAVID W. PETERSON

BY_____ DEPUTY

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KITSAP
JUVENILE DEPARTMENT**

IN RE THE DEPENDENCY OF:               )     NO. *12-7-00375-1*
                                       )
Luis West                              )     **ORDER TO TAKE CHILD INTO**
                                       )     **CUSTODY AND PLACEMENT IN**
D.O.B.  12/6/2005                      )     **SHELTER CARE**
                Minor Child(ren)       )
_____)


                    **I.      BASIS**

THE COURT having considered a motion, statement and declaration requesting an order to take the above-named child into custody.


                    **II.     FINDINGS**

**The court FINDS that:**

2.1    **A petition has been filed with the Court alleging that the child is dependent pursuant to RCW 13.34.030(5).**

2.2    **It is currently contrary to the welfare of the child to remain in the child's home.  The petition and/or supporting declarations and affidavits establish reasonable grounds to believe that the child is dependent and the child's health, safety, and welfare will be seriously endangered if not taken into custody.**


**ORDER TAKING CHILD INTO CUSTODY**          **1**
**AND PLACEMENT IN SHELTER CARE**
Floor

ATTORNEY GENERAL OF WASHINGTON
1019 Pacific Avenue South, 3rd
Tacoma, WA  98402-4411
(253) 593-5243

**2.3**   The petitioner has demonstrated that there is a risk of imminent harm to the child in the child's home.  The assessment of risk by petitioner constitutes reasonable efforts to prevent or eliminate the need for removal of the child from the child's home and:

[X]   due to the risk of imminent harm to the child, there are no reasonably available services that can be provided to the parent(s) to maintain the child in the child's home at this time.

[ ]   services previously offered or provided to the parent(s) have been unable to remedy the unsafe conditions in the home;

[X]   there is no parent, guardian or legal custodian known to petitioner at this time who is available to take custody of the child; and/or

[ ]   Other_____

### III.   ORDER

IT IS ORDERED that:

**3.1**   The above-named minor child shall be taken into custody by a law enforcement officer, probation counselor, or child protective services worker, and placed in a facility licensed pursuant to RCW 74.15.030, or in a home not required to be licensed pursuant to that section, under the supervision of DSHS.

**3.2**   The supervising agency may authorize evaluations of the child's physical or emotional condition, routine medical and dental examination and care, and all necessary emergency care.

**3.3**   The child shall remain in shelter care for not more than 72 hours from the time the child is taken into custody, excluding Saturdays, Sundays and holidays, unless an order authorizing continued shelter is entered.

DATED: _7/25/12_                         _____
         _1:50 P.._                        JUDGE/COMMISSIONER

PRESENTED BY:

ASSISTANT ATTORNEY GENERAL, WSBA#_29140_

ORDER TAKING CHILD INTO CUSTODY                2
AND PLACEMENT IN SHELTER CARE

ATTORNEY GENERAL OF WASHINGTON
1019 Pacific Avenue South, 3rd Floor
Tacoma, WA  98402-4411
(253) 593-5243

Shelter Care date _7-25-12 @ 1:30pm_

Response date _8-15-12 @ 9:30am_

_30 Day Staffing_
_August 23, 2012 @ 11:00am_
_DCFS_

FILED
KITSAP COUNTY CLERK

12 JUL 25 PM 1: 25

DAVID W. PETERSON

BY_____ _____DEPUTY

## IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
## IN AND FOR THE COUNTY OF KITSAP
## JUVENILE DIVISION

| | | |
|---|---|---|
| Dependency of | ) | NO. _12-7-00376-9_ |
| Pheonix West | ) | |
| | ) | **DEPENDENCY PETITION** |
| B.D.: 8/9/2007 | ) | |
| | ) | |

### I.   BASIS

I represent to the court the following:

**1.1   Information about the child:**

**Name:** Pheonix West        **Age:** 4 years old        **Sex:** male
**Date of Birth:** 8/9/2007
**Address:** homeless

**1.2   The child:**

( )   is an Indian child as defined in 25 U.S.C. 1903(4). The Indian Child Welfare Act, 25 U.S.C. 1901 et seq., applies to this proceeding. See attached Addendum to Petition.

( X )   may be an Indian child as defined in 25 U.S.C. 1903(4). The Indian Child Welfare Act may apply to this proceeding. See attached Addendum to Petition.

( )   is or may be a Canadian Indian child or an unenrolled Indian child as defined in WAC 388-70-091 (2) and (3). The Indian Child Welfare Act does not apply to this proceeding.

( )   is not an Indian. The Indian Child Welfare Act does not apply to this proceeding.

DEPENDENCY PETITION
Page 1
DSHS 9-428x (12/09)

**1.3    Known information about the parent(s), guardian or custodian:**

      **(a)**    **Name of ALLEGED father:**  Luis Ewing/ John Doe
             **Address:**  1911 SW Campus Drive, Apt 352,
                        Federal Way, WA 98023

      **(b)**    **Name of Mother:**  Katherine West
             **Address:**  Kitsap County Jail

      **(c)**    **Marital status of parents: Single**

**1.4    The child is dependent according to RCW 13.34.030 (6) in that:**

      **( )**    **(a)**    **the child has been abandoned, that is, the child's parent, guardian or other custodian has evidenced either by statement or conduct, an intention to forego, for an extended period, all parental rights or responsibilities despite an ability to do so;**

      **(X)**    **(b)**    **the child is abused or neglected as defined in Chapter 26.44 RCW;**

      **(X)**    **(c)**    **the child has no parent, guardian or custodian capable of adequately caring for the child, such that the child is in circumstances which constitute a danger of substantial damage to the child's psychological or physical development;**

**1.5  The allegation of dependency is based on the following facts:**

1.  Katherine West is the mother to Miles Tejano (DOB: 4/20/2000), Luis West (DOB: 12/6/2005) and Pheonix West (DOB: 8/9/2007)

2.  Miles Tejano was the legal father to Miles. He is listed on the birth certificate. However, Mr. Miles states he will be providing the Department with DNA testing completed in another state demonstrating he is not the father.

3.  Luis Ewing is the alleged father to Pheonix and Luis.  He is not listed on the birth certificate.

4.  Ms. West is currently incarcerated at the Kitsap County Jail.  She states she has 3 FTA's out of King County for a DUI and may be transferred to the King County Jail. She stated she is attempting to post bail for herself.

5.  Approximately 12 years ago, current protection order filed on Ms. West's behalf by the Pierce County Sheriff's department.  This protection order expires on 1/1/2999. Miles, the child, was named as a protected party in the protection order. Both Ms. West and Miles are protected against, Mr. Miles Tejano.

6. Ms. West has a protection order protecting her from Mr. Larry Mase. This protection order expires on 2/6/2014.  Ms. West has been residing with Mr. Mase on Mr. Mase's father's property.

7. On 12/6/2005, the hospital social worker reported that Ms. West was admitted to the hospital. Ms. West did not have any prenatal care during her pregnancy. Ms. West tested positive for methamphetamines, marijuana and ecstasy. Ms. West had disclosed to the nurses that she had 2 previous children removed from her care.

8. On 12/7/2005, the hospital social worker also reported that Mr. Ewing refused to sign the paternity affidavit and has been uncooperative with the hospital staff. "Mr. Ewing is presenting himself as a federal attorney and continues to tell the hospital staff that they are violating the RCW and he is quoting them."

9. On 12/7/2005, Ms. West reported to the hospital social worker that she was shocked that she tested positive for drugs. She reported taking an energy pill from a neighbor as she did not have any energy.  Ms. West further reported that she had a one night stand while she was married to Miles J. Tejano and that he is not the biological father. She shared that Miles is part African American and Mr. Tejano is apparently not. Ms. West is adamant that the biological father is Mr. Ewing.

10. On 12/7/2005, Ms. West disclosed that she had been previously married to Mr. Jerry West. They share two children with whom she does not have custody of.

11. On 12/7/2005, the Department spoke with Ms. West regarding a Voluntary Placement Agreement and PIC services. Ms. West declined a Voluntary Placement Agreement but did agree to take Luis to receive medical care.

12. On 12/7/2005, Mr. Ewing arrived at the home, while the Department social worker was present. He stated he was a federal attorney and refused to speak to the social worker. Instead he handed papers to the social worker and stated, "You have been served," then walked to his car and drove away.

13. On 12/8/2005, Ms. West agreed to a Voluntary Placement agreement and a safety plan with the Department. Random urinalysis, parenting classes and services through PCAP were recommended services.

14. On 12/14/2005, the social worker was able to confirm that Mr. Ewing was a member of the American Bar Association, but Mr. Ewing's name or his membership number (given by Mr. Ewing in his emails) was not found on the Federal Bar Association.

15. On 12/14/2005, the hospital social worker stated that the hospital received an anonymous female calling to report that Ms. West had asked her to help kidnap her baby from the hospital. During the night, Ms. West took Luis's medical ID off and security was notified. Ms West was escorted out by Puyallup PD.  Baby Luis was at PICC.

16. On 11/2009, Ms. West requested a no-contact order protecting her from Mr. Ewing.

17. On 9/2010, Ms. West requested a no-contact order protecting her from Mr. Ewing.

18. On 9/2011, Pierce County court records indicate a pending criminal matter against Mr. Ewing. It is unclear what the original charges were; however, court records show harassment charges and violations of protection order charges later in the criminal matter.

19. On 10/19/2011, Mr. Ewing, alleged father of Luis and Pheonix, reported concerns that the children were being exposed to drug manufacturing. Mr. Ewing reported that Ms. West obtained a no-contact order protecting her from him, "pretended to get back together with him and then called law enforcement." He further disclosed that Ms. West had taken most of his valuable belongings such as his mustang and furniture. Mr. Ewing had hired a private investigator and learned about Ms. West manufacturing methamphetamines.

20. On 10/20/2011, the social worker attempted to visit Ms. West at her home.  When the social worker arrived at the home, Ms. West attempted to give another name.  The social worker also reported feeling unsafe as there was unusual activity such as men running from a trailer to the home with a bucket and placing unknown items the trunk of a car. When LE arrived, it was made known that one of these men, Larry Tache, had a history of manufacturing methamphetamines.

21. On 10/25/2011, Ms. West reported that she struggles with PTSD as she alleged that Mr. Ewing raping and threatening her. She stated that she has suffered domestic violence for years from Mr. Ewing.

22. On 10/28/2011, Mr. Ewing began sending a series of emails alleging that Ms. West is engaging in various criminal activities and stated he would begin a lawsuit against various agencies. Mr. Ewing listed his contact information through Skype as well as 7 different emails such as rcwcodebuster@gmail.com and so forth.

23. On 11/2011, Mr. Ewing petitioned the court for a DV protection order protecting him from Ms. West.

24. On 5/8/2012, the school counselor at Blix Elementary reported that Luis and Miles have missed 60 days of school since the beginning of the school year.  The children have been late 49 times. The school reports that Ms. West dresses "provocative and trashy." Luis and Miles often show up at 12:00 pm. The previous week Luis stated that he had not eaten yet by the time he got to school.

25. On 5/8/2012, it was further reported that during the previous week Luis was excited for a field trip to the zoo. The teacher was concerned because Ms. West had not signed the permission slip. The teacher reported that she saw Ms. West in the parking lot and went out there to have her sign the permission slip. Ms. West appeared "high on drugs."  Luis showed up for school at 12:30 pm and missed the field trip to the zoo. The school reported that Luis was devastated. The next day Luis never showed up at all to school. The school is attempting file the BECCA.

26. On 7/24/2012, Kitsap County Sheriff found Ms. West and her three children, Miles, Luis, and Pheonix, at Horseshoe Lake Park. The Deputy reported that the family had been camping at the

DEPENDENCY PETITION
Page 4
DSHS 9-428x (12/09)

park in a vehicle and they are homeless. The vehicle had been reported stolen. Ms. West had a boyfriend with her but he fled the scene when police arrived. Ms. West was arrested and taken to the Kitsap County Jail.

27. On 7/24/2012, it was also disclosed that Ms. West has a warrant for a previous DUI. Ms. West was arrested for possession of stolen property.

28. On 7/24/2012, Miles, Luis and Pheonix were placed into protective custody.

29. Ms. West's criminal history includes at least three DUI, two PSP charges, two forgery charges and one shoplifting charge.

30. That the following reasonable efforts were made to prevent out-of-home placement: Due to the emergent nature of the referral, services were not able to be provided prior to foster care placement. However, in previous contact with Ms. West the following services were offered: Child Protection Team staffing, random urinalysis, safety planning, PCAP services, and VPA's.

DEPENDENCY PETITION
Page 5
DSHS 9-428x (12/09)

## II. RELIEF REQUESTED

I request that the court inquire into this matter and make such order as the court finds to be in the best interest of the child and justice.

Date: 7·25-12

_____
Petitioner

_____
DCFS Supervisor

_____
Assistant Attorney General, WSBA# _____

DEPENDENCY PETITION
Page 6
DSHS 9-428x (12/09)

1

2

3                                                    III.   VERIFICATION

4    STATE OF WASHINGTON              )
                                     )ss
5    COUNTY OF KITSAP                 )

6    The undersigned on oath states that:

7    3.1     I am the petitioner in this matter:  Paige Cummings, DCFS

8    3.2     I have read the above petition, know its contents, and believe it to be true.

9

10                        _Paige Cummings_ (signature) _____
                          Petitioner

11                        Paige Cummings
                          Type or Print Name

12
                          3423 6th Street, Ste 217, Bremerton, WA  98312
13                        Mailing Address

14                        (360) 475-3694
                          Telephone Number
15

16

17          SUBSCRIBED AND SWORN TO this   25th   day of   July  ,  2012.

18

19          JOETDA WICKLINE
            COMMISSION EXPIRES
20          NOTARY
            —
21          PUBLIC                       _Joetda Wickline_ (signature) _____
                                         NOTARY PUBLIC in and for the State of Washington
22          MAY 10, 2016
            STATE OF WASHINGTON          My commission expires: 5-10-16
23

24

25

26

27   DEPENDENCY PETITION
     Page 7
28   DSHS 9-428x (12/09)

FILED
KITSAP COUNTY CLERK

12 JUL 25  PM 1: 25

DAVID W. PETERSON

BY____ ____DEPUTY

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON**
**IN AND FOR THE COUNTY OF KITSAP**
**JUVENILE DEPARTMENT**

| | |
|---|---|
| IN RE THE DEPENDENCY OF: ) | NO. 12-7-00376-9 |
| ) | |
| Pheonix West ) | MOTION AND AFFIDAVIT FOR |
| ) | ORDER TO TAKE CHILD INTO CUSTODY |
| D.O.B. 8/9/2007 ) | PURSUANT TO RCW 13.34.050 |
| _____ ) | |

### I. MOTION

COMES NOW the undersigned and moves the court for an order to take the above-named child into custody based on the following affidavit.

DATED: __7-25-12__      _Paic Cummins_

DEPT. OF SOCIAL & HEALTH SERVICES,
DIVISION OF CHILDREN & FAMILY
SERVICES

### II. AFFIDAVIT

| | |
|---|---|
| STATE OF WASHINGTON ) | |
| : ss. | |
| County of Kitsap ) | |

The undersigned being first duly sworn upon, deposes and says:

1.      My relationship to the child is:  DCFS social worker.

2.      A petition has been filed with the juvenile court alleging that the child is dependent, and the allegations in the petition are incorporated herein by reference.

3.    I believe that the child's health, safety and welfare will be seriously endangered if the child is not taken into custody as shown in the Dependency Petition filed herewith and incorporated herein by reference.

_____
DCFS SOCIAL WORKER

SUBSCRIBED AND SWORN to before me this __25th__ day of __July__, __2012__


_____
NOTARY PUBLIC in and for the State of Washington

My Commission Expires:__ ____

Presented By:

_____
ASSISTANT ATTORNEY GENERAL, WSBA# 21640

FILED
KITSAP COUNTY CLERK

12 JUL 25  PM 1:25

DAVID W. PETERSON

BY_____ DEPUTY

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KITSAP
JUVENILE DEPARTMENT**

| | |
|---|---|
| IN RE THE DEPENDENCY OF: | NO. *12-7-00376-9* |
| Pheonix West | ORDER TO TAKE CHILD INTO CUSTODY AND PLACEMENT IN SHELTER CARE |
| D.O.B. 8/9/2007 | |
| Minor Child(ren) | |

## I.   BASIS

THE COURT having considered a motion, statement and declaration requesting an order to take the above-named child into custody.

## II.   FINDINGS

**The court FINDS that:**

2.1   A petition has been filed with the Court alleging that the child is dependent pursuant to RCW 13.34.030(5).

2.2   It is currently contrary to the welfare of the child to remain in the child's home.  The petition and/or supporting declarations and affidavits establish reasonable grounds to believe that the child is dependent and the child's health, safety, and welfare will be seriously endangered if not taken into custody.

ORDER TAKING CHILD INTO CUSTODY          1
AND PLACEMENT IN SHELTER CARE
Floor

ATTORNEY GENERAL OF WASHINGTON
1019 Pacific Avenue South, 3rd
Tacoma, WA  98402-4411
(253) 593-5243

**2.3**   The petitioner has demonstrated that there is a risk of imminent harm to the child in the child's home.  The assessment of risk by petitioner constitutes reasonable efforts to prevent or eliminate the need for removal of the child from the child's home and:

[X]   due to the risk of imminent harm to the child, there are no reasonably available services that can be provided to the parent(s) to maintain the child in the child's home at this time.

[ ]   services previously offered or provided to the parent(s) have been unable to remedy the unsafe conditions in the home;

[X]   there is no parent, guardian or legal custodian known to petitioner at this time who is available to take custody of the child; and/or

[ ]   Other_____

### III.   ORDER

IT IS ORDERED that:

**3.1**   The above-named minor child shall be taken into custody by a law enforcement officer, probation counselor, or child protective services worker, and placed in a facility licensed pursuant to RCW 74.15.030, or in a home not required to be licensed pursuant to that section, under the supervision of DSHS.

**3.2**   The supervising agency may authorize evaluations of the child's physical or emotional condition, routine medical and dental examination and care, and all necessary emergency care.

**3.3**   The child shall remain in shelter care for not more than 72 hours from the time the child is taken into custody, excluding Saturdays, Sundays and holidays, unless an order authorizing continued shelter is entered.

DATED: 7/25/12

JUDGE/COMMISSIONER

PRESENTED BY:

ASSISTANT ATTORNEY GENERAL, WSBA# 29/140

ORDER TAKING CHILD INTO CUSTODY          2
AND PLACEMENT IN SHELTER CARE

ATTORNEY GENERAL OF WASHINGTON
1019 Pacific Avenue South, 3rd
Floor
Tacoma, WA  98402-4411
(253) 593-5243

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON**
**IN AND FOR THE COUNTY OF KITSAP**
**JUVENILE DEPARTMENT**

| | |
|---|---|
| **DEPENDENCY OF:** ) | **NO.** 12-7-00376-9 |
| ) | |
| Pheonix West · ) | **NOTICE & SUMMONS/ORDER** |
| ) | **(DEPENDENCY/GUARDIANSHIP)** |
| **D.O.B.** 8/9/2007 ) | |

**STATE OF WASHINGTON TO:**

**Name:** Luis Ewing

**Address:** 1911 SW Campus Drive, Apt 352, Federal Way, WA 98023

## I.  NOTICE OF HEARING

**1.1** You are notified that a petition, a copy of which is attached, was filed with this Court alleging that:

[ ] the above-named child is dependent.  A dependency petition begins a process which, if the child is found dependent, could result in substantial restriction or permanent loss of your parental rights.

[ ] guardianship should be established for the above-named child.  A guardianship petition, if granted, could result in substantial restrictions of your parental rights.

**1.2** A hearing will be held:
On _____7/25/2012_____ at _____1:30 pm_____
      **(Date)**                                              **(Time)**

Address:      **KITSAP COUNTY SUPERIOR COURT**
                   **1338 SW Old Clifton Road**
                   **PORT ORCHARD, WA  98366**

**1.3** The purpose of the hearing is to hear and consider evidence on the petition.

**1.4** If you do not appear THE COURT MAY ENTER AN ORDER IN YOUR ABSENCE:
[X]      establishing Dependency;
[ ]      establishing Guardianship.

**1.5** If the child is placed in out-of-home care, you may be held responsible for the support of the child.

## II.  SUMMONS/ORDER TO APPEAR

**2.1** **[X]  YOU ARE SUMMONED AND REQUIRED to appear at the hearing on the date, time, and place indicated.**

**2.2** **[ ]   YOU ARE ORDERED AND REQUIRED as the parent, guardian or custodian having custody or control of the child to bring the child to the hearing.**

### NOTICE

**VIOLATION OF THIS ORDER OR SUMMONS IS SUBJECT TO A PROCEEDING FOR CONTEMPT OF COURT PURSUANT TO RCW 13.34.070.**

### III.  ADVICE OF RIGHTS

**3.1** **You have important legal rights, and you must take steps to protect your interest.**

**3.2** **You have the right to a fact finding hearing before a judge.  At the hearing, you have the right to speak on your own behalf, to introduce evidence, to examine witnesses, and to receive a decision based solely on the evidence presented to the judge. You should attend this hearing.**

**3.3** **You have the right to be represented by a lawyer.  If you cannot afford a lawyer, you have the right to request a public defender.  If you qualify, a lawyer will be appointed by the Court to represent you.**

**3.4** **Your lawyer can look at the social and legal files in your case, talk to the agency social worker, tell you about the law, help you understand your rights and help you at hearings.**

**3.5** **If you wish to have a lawyer appointed contact JUVENILE COURT SERVICES:**

**Address:**        **JUVENILE COURT SERVICES**
                 **1338 S.W. OLD CLIFTON ROAD**
                 **PORT ORCHARD, WA  98366**

**Phone:**          **(360) 337-5480**

**DATED this ___25th___ day of ___July___, _2012__ .**

**DAVID W. PETERSON, CLERK**
**By:** _Shawna A. Johnson_
       **Deputy Clerk**

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON**
**IN AND FOR THE COUNTY OF KITSAP**
**JUVENILE DEPARTMENT**

DEPENDENCY OF:      )    NO. *12.7-00375-1*

                   )
Luis West          )    **NOTICE & SUMMONS/ORDER**
                   )    **(DEPENDENCY/GUARDIANSHIP)**
D.O.B. 12/6/2005  )

**STATE OF WASHINGTON TO:**

**Name:** Luis Ewing

**Address:** 1911 SW Campus Drive, Apt 352, Federal Way, WA 98023

## I. NOTICE OF HEARING

1.1    You are notified that a petition, a copy of which is attached, was filed with this Court alleging that:

        [ ]    the above-named child is dependent. A dependency petition begins a process which, if the child is found dependent, could result in substantial restriction or permanent loss of your parental rights.

        [ ]    guardianship should be established for the above-named child. A guardianship petition, if granted, could result in substantial restrictions of your parental rights.

1.2    A hearing will be held:
        On   **7/25/2012**   at      **1:30 pm**
          **(Date)**            **(Time)**

        Address:    **KITSAP COUNTY SUPERIOR COURT**
                    **1338 SW Old Clifton Road**
                    **PORT ORCHARD, WA 98366**

1.3    The purpose of the hearing is to hear and consider evidence on the petition.

1.4    If you do not appear THE COURT MAY ENTER AN ORDER IN YOUR ABSENCE:
        [X]    establishing Dependency;
        [ ]    establishing Guardianship.

1.5    If the child is placed in out-of-home care, you may be held responsible for the support of the child.

## II. SUMMONS/ORDER TO APPEAR

2.1     **[X]  YOU ARE SUMMONED AND REQUIRED to appear at the hearing on the date, time, and place indicated.**

2.2     **[ ]  YOU ARE ORDERED AND REQUIRED as the parent, guardian or custodian having custody or control of the child to bring the child to the hearing.**

### NOTICE

**VIOLATION OF THIS ORDER OR SUMMONS IS SUBJECT TO A PROCEEDING FOR CONTEMPT OF COURT PURSUANT TO RCW 13.34.070.**

### III. ADVICE OF RIGHTS

3.1     **You have important legal rights, and you must take steps to protect your interest.**

3.2     **You have the right to a fact finding hearing before a judge.  At the hearing, you have the right to speak on your own behalf, to introduce evidence, to examine witnesses, and to receive a decision based solely on the evidence presented to the judge.  You should attend this hearing.**

3.3     **You have the right to be represented by a lawyer.  If you cannot afford a lawyer, you have the right to request a public defender.  If you qualify, a lawyer will be appointed by the Court to represent you.**

3.4     **Your lawyer can look at the social and legal files in your case, talk to the agency social worker, tell you about the law, help you understand your rights and help you at hearings.**

3.5     **If you wish to have a lawyer appointed contact JUVENILE COURT SERVICES:**

**Address:**     **JUVENILE COURT SERVICES**
                   **1338 S.W. OLD CLIFTON ROAD**
                   **PORT ORCHARD, WA  98366**

**Phone:**          **(360) 337-5480**

**DATED this ____25th____ day of _July___ , _2012_ .**

**DAVID W. PETERSON, CLERK**
**By:**_____
               **Deputy Clerk**

1

2

3

4

5

6       IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
                IN AND FOR THE COUNTY OF KITSAP
7                    JUVENILE DEPARTMENT

8    In Re the Welfare of:                    NO.  13-7-00248-5

9    PHOENIX WEST, 8/9/07                      NOTICE AND SUMMONS/ORDER
                                              RE: TERMINATION OF PARENT-CHILD
10   _____                  RELATIONSHIP

11   STATE OF WASHINGTON, TO:      LUIS EWING

12
                          I. NOTICE OF HEARING
13
            1.1     You are notified that a termination petition has been filed against you with this
14   court, a copy of which is attached, in which it is alleged that the above-named child is dependent
     and that a permanent termination of the parent-child relationship should occur.
15
            1.2     A hearing will be held on **Monday, October 7, 2013, at 1:30 p.m.,** the  at Kitsap
16   County Juvenile Court, Kitsap County Juvenile Center, 1338 SW Old Clifton Road, Port Orchard,
     WA 98366.
17
            1.3     The purpose of the hearing is to hear and consider evidence on the petition.
18
            1.4     If you do not appear, THE COURT MAY ENTER AN ORDER IN YOUR
19   ABSENCE, permanently terminating your parental rights.  If the child is placed in out-of-home
     care, you may be held responsible for the support of the child.
20
                              II. SUMMONS
21
            YOU ARE SUMMONED to appear at the hearing on the date, time, and place indicated.
22
                              III. NOTICE
23
            VIOLATION OF THIS ORDER OR SUMMONS IS SUBJECT TO A PROCEEDING
24   FOR CONTEMPT OF COURT PURSUANT TO RCW 13.34.070.

25

26


NOTICE AND SUMMONS/ORDER              2              OFFICE OF THE ATTORNEY GENERAL
RE: TERMINATION OF PARENT-CHILD                       1019 Pacific Avenue, Third Floor
RELATIONSHIP                                                 P.O. Box 2317
                                                         Tacoma WA 98401

## IV. ADVICE OF RIGHTS

4.1     You have the right to a fact-finding hearing before a judge.

4.2     You have the right to have a lawyer represent you at the hearing.  A lawyer can look at the files in your case, talk with the Department of Social and Health Services and other agencies, tell you about the law, help you understand your rights, and help you at hearings.  If you cannot afford a lawyer, the court will appoint one to represent you.  To get a court-appointed lawyer, you must contact **JUVENILE COURT SERVICES, 1338 S.W. OLD CLIFTON ROAD, PORT ORCHARD, WA 98366; PHONE (360) 337-5401.**

4.3     If your child is (a) a member of a federally recognized Indian Tribe, Band, or Nation; or (b) eligible for tribal membership and the biological child of a tribal member, you have specific rights.  You have the right to request that this case be transferred to the court of the tribe of which your child is a member or eligible to be a member.  You also have the right to object to a transfer of jurisdiction to Tribal Court.  Additionally, you have the right to request and be granted an additional twenty (20) days to prepare for participation in the termination hearing.

4.4     At the hearing, you have the right to speak on your own behalf, to introduce evidence, to examine witnesses, and to receive a decision based solely on the evidence presented to the judge.

4.5     You should be present at this hearing.

4.6     You may call the Department for more information about your child.  The agency's name and telephone number are the department of Social and Health Services at 1-800-423-6246; or _Kelly Linscott_ at (360) _475-3486_.

DATED this ___12 th___ day of ___August___, 2013.

BY DIRECTION OF THE HONORABLE

_____, Judge

DAVID W. PETERSON, CLERK

By _Shawn H Johnson_
      Deputy Clerk

NOTICE AND SUMMONS/ORDER
RE: TERMINATION OF PARENT-CHILD

2

FILED
KITSAP COUNTY CLERK

13 JUN 10 AM 11:33

DAVID W. PETERSON

BY_____DEPUTY

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KITSAP
JUVENILE DEPARTMENT

| In re the Welfare of: | NO: 13-7-00298-5 |
|---|---|
| PHOENIX WEST, 08/09/2007 | PETITION FOR TERMINATION OF PARENT-CHILD RELATIONSHIP |

COMES NOW the State of Washington, Department of Social and Health Services, and petitions the court for entry of an order permanently terminating the parent-child relationship between the above-named minor child, LUIS EWING and KATHERINE WEST.

## I. PARTIES

1.  Petitioner:           KELLY LINSCOTT
                          Dept. of Social & Health Services
                          3423 6th St (MS: W18-3)
                          Bremerton, WA 98312

2.  Child's Mother:       KATHERINE WEST

3.  Child's Father:       LUIS EWING

4.  Guardian ad Litem:    STEPHENIE HOOKER
                          Guardian ad Litem Office
                          1338 SW Old Clifton Rd
                          Port Orchard, WA 98366



PETITION FOR TERMINATION OF
PARENT-CHILD RELATIONSHIP

1

OFFICE OF THE ATTORNEY GENERAL
1019 Pacific Ave, 3rd Floor
PO Box 2317
Tacoma, WA 98401
(253) 593-5243

## II. FACTUAL ALLEGATIONS

1.     PHOENIX WEST is a dependent child who is within or resides within Kitsap County, Washington.

2.     PHOENIX WEST was first found a dependent child, pursuant to RCW 13.34.030(5) on October 23, 2012 as to the mother and in November 2012 as to the father.

3.     A dispositional hearing was held on November 7, 2013, and a dispositional order was subsequently entered as to the mother.  A dispositional hearing was held on December 7, 2013, and a dispositional order was subsequently entered as to the father.

4.     Since being found to be a dependent child, the Kitsap County Juvenile Court has continued to find PHOENIX WEST to be a dependent child and temporary ward of the court.

5.     PHOENIX WEST was removed from the custody of the parents, pursuant to court order on July 25, 2012, and has remained out of the parents' care since that time.

6.     All services ordered under RCW 13.34.130 have been expressly and understandably offered or provided to KATHERINE WEST, including: Drug/Alcohol evaluation and treatment; random UA's, Parenting classes, psychological evaluation and parenting assessment, domestic violence support groups, and a mental health intake.  All services ordered under RCW 13.34.130 have been expressly and understandably offered and/or provided to LUIS EWING, including: Domestic Violence evaluation and follow recommendations, Parenting classes, and a psychological evaluation and parenting assessment.

7.     The child's mother and father have made little or no attempt at the services offered toward correcting their parental deficiencies.

8.     PHOENIX WEST is not an Indian child as defined by the Indian Child Welfare Act, 25 U.S.C. §1901, et. seq.

9.     The Service members Civil Relief Act of 2003, 50 U.S.C. §501, et. seq., does not apply to this proceeding.

PETITION FOR TERMINATION OF
PARENT-CHILD RELATIONSHIP

2

OFFICE OF THE ATTORNEY GENERAL
1019 Pacific Ave, 3rd Floor
PO Box 2317
Tacoma, WA 98401

1        10.    There is little likelihood that conditions will be remedied so that the child can be

2    returned to either parent in the near future.

3        11.    Continuance of the parent-child relationship clearly diminishes the child's prospects

4    for integration into a stable and permanent home because adoption would be in the child's long-

5    term best interest, and no adoption is possible so long as the parents retain their parental rights.

6        12.    All necessary services, reasonably available, capable of correcting the parental

7    deficiencies within the foreseeable future, have been offered or provided.

8                                  **III.  PRAYER**

9        Your petitioner prays for entry of an order permanently terminating the parent-child

10    relationship between the above-named minor child, KATHERINE WEST and LUIS EWING.

11        DATED this _7th_ day of June, 2013.

12

13                              KELLY LINSCOTT, Social Worker

14                              Department of Social & Health Services

15

16

17

18

19

20

21

22

23

24

25

26

PETITION FOR TERMINATION OF        3        OFFICE OF THE ATTORNEY GENERAL
PARENT-CHILD RELATIONSHIP                1019 Pacific Ave, 3rd Floor
                                                PO Box 2317
                                              Tacoma, WA 98401

1   STATE OF WASHINGTON )
                        ) ss.
2   County of Kitsap    )

3       KELLY LINSCOTT, being first duly sworn, upon oath, deposes and says:

4       I am the petitioner. I have read the Petition for Termination of Parent-Child Relationship,
    know the contents, and believe the same to be true.

5

6                                   _____
                                    KELLY LINSCOTT, Social Worker
7                                   Department of Social & Health Services

8       SIGNED and sworn to before me, this 7th day of June _____, 2013.

9                                   _____
                                    Michelle D. Davis
10                                  NOTARY PUBLIC in and for State of Washington
11                                  Commission Expires: 4/21/14

12

13  _____
14  PETER KAY, WSBA #24331
    Assistant Attorney General
15

16

17

18

19

20

21

22

23

24

25

26

1
2
3
4
5
6          IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
           IN AND FOR THE COUNTY OF KITSAP
7                      JUVENILE DEPARTMENT

8    In Re the Welfare of:                    NO. 13-7-00247-7

9    LUIS WEST, 12/6/05                        NOTICE AND SUMMONS/ORDER
                                               RE: TERMINATION OF PARENT-CHILD
10                                             RELATIONSHIP

11   STATE OF WASHINGTON, TO:      LUIS EWING

12
                              I. NOTICE OF HEARING
13
          1.1    You are notified that a termination petition has been filed against you with this
14   court, a copy of which is attached, in which it is alleged that the above-named child is dependent
     and that a permanent termination of the parent-child relationship should occur.
15
          1.2    A hearing will be held on **Monday, October 7, 2013, at 1:30 p.m.**, at Kitsap
16   County Juvenile Court, Kitsap County Juvenile Center, 1338 SW Old Clifton Road, Port Orchard,
     WA 98366.
17
          1.3    The purpose of the hearing is to hear and consider evidence on the petition.
18
          1.4    If you do not appear, THE COURT MAY ENTER AN ORDER IN YOUR
19   ABSENCE, permanently terminating your parental rights.  If the child is placed in out-of-home
     care, you may be held responsible for the support of the child.
20
                                   II. SUMMONS
21
          YOU ARE SUMMONED to appear at the hearing on the date, time, and place indicated.
22
                                   III. NOTICE
23
          VIOLATION OF THIS ORDER OR SUMMONS IS SUBJECT TO A PROCEEDING
24   FOR CONTEMPT OF COURT PURSUANT TO RCW 13.34.070.

25
26                                   COPY

NOTICE AND SUMMONS/ORDER                  3          OFFICE OF THE ATTORNEY GENERAL
RE: TERMINATION OF PARENT-CHILD                          1019 Pacific Avenue, Third Floor
RELATIONSHIP                                                      P.O. Box 2317
                                                                Tacoma WA 98401

## IV. ADVICE OF RIGHTS

4.1    You have the right to a fact-finding hearing before a judge.

4.2    You have the right to have a lawyer represent you at the hearing. A lawyer can look at the files in your case, talk with the Department of Social and Health Services and other agencies, tell you about the law, help you understand your rights, and help you at hearings. If you cannot afford a lawyer, the court will appoint one to represent you. To get a court-appointed lawyer, you must contact **JUVENILE COURT SERVICES, 1338 S.W. OLD CLIFTON ROAD, PORT ORCHARD, WA 98366; PHONE (360) 337-5401.**

4.3    If your child is (a) a member of a federally recognized Indian Tribe, Band, or Nation; or (b) eligible for tribal membership and the biological child of a tribal member, you have specific rights. You have the right to request that this case be transferred to the court of the tribe of which your child is a member or eligible to be a member. You also have the right to object to a transfer of jurisdiction to Tribal Court. Additionally, you have the right to request and be granted an additional twenty (20) days to prepare for participation in the termination hearing.

4.4    At the hearing, you have the right to speak on your own behalf, to introduce evidence, to examine witnesses, and to receive a decision based solely on the evidence presented to the judge.

4.5    You should be present at this hearing.

4.6    You may call the Department for more information about your child. The agency's name and telephone number are the department of Social and Health Services at 1-800-423-6246; or _Kelly LinScott_ at (360) _475-3486_ .

DATED this _12 th_ day of _August_ , 2013.

BY DIRECTION OF THE HONORABLE

_____, Judge

DAVID W. PETERSON, CLERK

By _Shaun A. Johnson_
        Deputy Clerk

NOTICE AND SUMMONS/ORDER                          2
RE: TERMINATION OF PARENT-CHILD

FILED
KITSAP COUNTY CLERK

13 JUN 10  AM 11: 33

DAVID W. PETERSON

BY_____DEPUTY

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KITSAP
JUVENILE DEPARTMENT

In re the Welfare of:

LUIS WEST, 12/06/2005

NO. 13-7-00247-7

PETITION FOR TERMINATION OF
PARENT-CHILD RELATIONSHIP

COMES NOW the State of Washington, Department of Social and Health Services, and petitions the court for entry of an order permanently terminating the parent-child relationship between the above-named minor child, LUIS EWING and KATHERINE WEST.

## I. PARTIES

1.     Petitioner:            KELLY LINSCOTT
Dept. of Social & Health Services
3423 6th St (MS: W18-3)
Bremerton, WA 98312

2.     Child's Mother:       KATHERINE WEST

3.     Child's Father:        LUIS EWING

4.     Guardian ad Litem:    STEPHENIE HOOKER
Guardian ad Litem Office
1338 SW Old Clifton Rd
Port Orchard, WA 98366

COPY

## II. FACTUAL ALLEGATIONS

1.      LUIS WEST is a dependent child who is within or resides within Kitsap County, Washington.

2.      LUIS WEST was first found a dependent child, pursuant to RCW 13.34.030(5) on October 23, 2012 as to the mother and in November 2012 as to the father.

3.      A dispositional hearing was held on November 7, 2013, and a dispositional order was subsequently entered as to the mother. A dispositional hearing was held on December 7, 2013, and a dispositional order was subsequently entered as to the father.

4.      Since being found to be a dependent child, the Kitsap County Juvenile Court has continued to find LUIS WEST to be a dependent child and temporary ward of the court.

5.      LUIS WEST was removed from the custody of the parents, pursuant to court order on July 25, 2012, and has remained out of the parents' care since that time.

6.      All services ordered under RCW 13.34.130 have been expressly and understandably offered or provided to KATHERINE WEST, including: Drug/Alcohol evaluation and treatment; random UA's, Parenting classes, psychological evaluation and parenting assessment, domestic violence support groups, and a mental health intake. All services ordered under RCW 13.34.130 have been expressly and understandably offered and/or provided to LUIS EWING, including: Domestic Violence evaluation and follow recommendations, Parenting classes, and a psychological evaluation and parenting assessment

7.      The child's mother and father have made little or no attempt at the services offered toward correcting their parental deficiencies.

8.      LUIS WEST is not an Indian child as defined by the Indian Child Welfare Act, 25 U.S.C. §1901, et. seq.

9.      The Service members Civil Relief Act of 2003, 50 U.S.C. §501, et. seq., does not apply to this proceeding.

1    10.    There is little likelihood that conditions will be remedied so that the child can be

2  returned to either parent in the near future.

3    11.    Continuance of the parent-child relationship clearly diminishes the child's prospects

4  for integration into a stable and permanent home because adoption would be in the child's long-

5  term best interest, and no adoption is possible so long as the parents retain their parental rights.

6    12.    All necessary services, reasonably available, capable of correcting the parental

7  deficiencies within the foreseeable future, have been offered or provided.

8                                    III. **PRAYER**

9    Your petitioner prays for entry of an order permanently terminating the parent-child

10  relationship between the above-named minor child, KATHERINE WEST and LUIS EWING.

11    DATED this 7th day of June, 2013.

12

13    KEILY LINSCOTT, Social Worker
       Department of Social & Health Services

14

15

16

17

18

19

20

21

22

23

24

25

26

OFFICE OF THE ATTORNEY GENERAL
1019 Pacific Ave, 3rd Floor
PO Box 2317
Tacoma, WA 98401

1  STATE OF WASHINGTON      )
                            ) ss.
2  County of Kitsap         )

3       KELLY LINSCOTT, being first duly sworn, upon oath, deposes and says:

4       I am the petitioner.  I have read the Petition for Termination of Parent-Child Relationship,
   know the contents, and believe the same to be true.

5

6                                    _Kelly Linscott_
                                     KELLY LINSCOTT, Social Worker
7                                    Department of Social & Health Services

8       SIGNED and SWORN to before me, this 7th day of June            , 2013.

9                                    _Michelle D. Davis_
10                                   Michelle D. Davis
                                     NOTARY PUBLIC in and for State of Washington
11                                   Commission Expires:  4/21/14

12

13      _Peter E. Kay_
14   PETER KAY, WSBA #24331
     Assistant Attorney General

15

16

17

18

19

20

21

22

23

24

25

26