1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STATE OF WASHINGTON DEPARTMENT OF SOCIAL AND HEALTH SERVICES,<br><br>Plaintiff,<br><br>v.<br><br>LUIS EWING,<br><br>Defendant. | CASE NO. 3:13-cv-05882-RJB<br><br>ORDER DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* AND REMANDING CASE |

This matter comes before the court on Defendant's Motion to Proceed *In Forma Pauperis* in Support of Petition for Removal. Dkt. 1. The court has considered the motion and the remainder of the file herein.

On October 4, 2013, Defendant Ewing filed a petition for removal and an application to proceed *in forma pauperis* (IFP), that is, without paying the $400 filing fee for a civil case. Dkt. 1; Dkt. 1-1. Ewing argues he is an indigent, stating that he has received $600-$800 in the past twelve months from business, profession or other self-employment, and that his monthly expenses are equal to $600 to $800. Dkt. 1. Ewing fails to describe the types of monthly

ORDER DENYING LEAVE TO PROCEED IN
FORMA PAUPERIS AND REMANDING CASE- 1

expenses he incurs. *Id.* Ewing further argues that the court cannot charge a fee in advance for the exercise of a constitutionally secured right. *Id.* According to Ewing, doing so violates the United States Constitution, Washington State Constitution, case law, and RCW 10.10.060. *Id.*

In his notice of removal, Ewing asserts that removal jurisdiction is proper under both 28 28 U.S.C. § 1331 and 28 U.S.C. § 1332. Dkt. 1-1. Under § 1331, Ewing asserts that this action arises under a federal question because his answer to Plaintiff's complaint states a private civil Rico claim under 18 U.S.C. § 1962. *Id.* at 13. Under § 1332, Ewing asserts that he is domiciled in Washington and that the opposing party, the "State of Washington," is a corporation and citizen of the District of Columbia, not Washington. *Id.* Ewing asserts that he meets the amount in controversy requirement because he is seeking damages that total $125,000,000,000.00: $25,000,000,000.00 for each of his three sons, and $25,000,000,000.00 for each parent. *Id.* at 11.

Ewing filed his notice of removal in Clark County Superior Court. Dkt. 1-3. The pleadings attached to Defendant's application, as well as the substance of his arguments, convey that his action is removed from Kitsap County Superior Court.

***Standard for Applications to Proceed In Forma Pauperis***. The district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the court has broad discretion in denying an application to proceed *in forma pauperis*. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963). A district court may deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous[1] or

---

[1] Under the legal definition, a "frivolous" pleading is one that lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

without merit." *Minetti v. Port of Seattle*, 152 F.3d 1113 (9th Cir. 1998), quoting *Tripati v. First Nat'l Bank & Trust*, 821 F. 2d 1368, 1370 (9th Cir. 1987).

***Jurisdiction Raised Sua Sponte***. Jurisdiction is a threshold issue that must be raised *sua sponte*. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94-95 (1998). Removal jurisdiction statutes are strictly construed against removal. *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir.1979). Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir.1992). The burden of establishing federal jurisdiction falls on the party invoking removal. *Harris v. Provident Life and Accident Ins. Co.*, 26 F.3d 930 (9th Cir.1994). In the absence of subject-matter jurisdiction, the court has a duty to, *sua sponte*, order summary remand of the action. 28 U.S.C. § 1446(c)(4); *Sparta Surgical Corp.* at 1211.

***Ewing's Frivolous Application to Proceed In Forma Pauperis.*** Ewing's application to proceed *in forma pauperis* makes an elaborate eight page argument as to why charging filing fees is unconstitutional. Even assuming Ewing is unable to pay the filing fees, Ewing's argument is frivolous and without merit, as are his arguments in support of removal jurisdiction.

Ewing's removal pursuant to § 1331 is frivolous. Ewing claims § 1331 jurisdiction is proper because he asserted in his answer a private civil RICO claim under 18 U.S.C. § 1962. Removal of a state court action is proper only if it originally could have been filed in federal court. 28 U.S.C. § 1441. The assertion of a federal defense to a state-law claim does not convert the state-law claim into one "arising under" federal law for purposes of federal-question jurisdiction. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009); *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005) (A federal law defense to a state-law claim does not confer jurisdiction on a federal court). The same is true for counterclaims. *Vaden v.*

*Discover Bank*, 556 U.S. 49, 61 (2009). The state court is fully prepared to adjudicate any federal defenses or counterclaims Ewing may raise. See *Nevada v. Hicks*, 533 U.S. 353, 366-67 (2001).

Moreover, without § 1331 jurisdiction, § 1332 is Ewing's only remaining basis for removal jurisdiction. 28 U.S.C. § 1441(b)(2) provides: "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332 (a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Defendant Ewing is a citizen of Washington, the State in which this action was originally brought. Accordingly, this case may not be removed even if there is § 1332 jurisdiction.

Jurisdiction exists under § 1332 only if there is complete diversity between the parties, that is, no plaintiff and no defendant can be citizens of the same state. *Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 141 (1998). Ewing argues that the "State of Washington" is a corporation and a citizen of the District of Columbia, and not a citizen of Washington. Ewing further argues that "'WA' is a 'fictional State within a state'." These arguments are frivolous on their face and without merit. Ewing is a Washington citizen because he is domiciled in Washington, and this action is between a Washington citizen and the State of Washington Department of Social and Health Services. Because complete diversity is lacking, removal based on diversity jurisdiction is improper. *See Moor v. Alameda Cnty.*, 411 U.S. 693, 717-18 (1973) (providing that, for the purpose of diversity jurisdiction, a State is not a citizen and a political subdivision of a State is a citizen of that State); *see also* U.S. Const. art. III, § 2, cl. 1 (providing that "[t]he Judicial Power shall extend to all Cases . . . between a State and Citizens of **another** State.") (emphasis added).

1       Accordingly, this court lacks jurisdiction under both § 1331 and § 1332. Removal was
2 improper.
3       ***Abstention under the Younger and the Rooker Feldman Doctrine.***  Even if there is a
4 possibility that Petitioner is able to satisfy the requirements of removal jurisdiction, the court
5 must abstain from exercising jurisdiction pursuant to the *Younger* abstention doctrine.
6       The court may raise the issue of *Younger* abstention *sua sponte*.  *San Remo Hotel v. City*
7 *and Cnty. Of S.F.,* 145 F.3d 1095, 1105 (9th Cir. 1998).  Under principles of comity and
8 federalism, a federal court should not interfere with ongoing state proceedings. *Younger v.*
9 *Harris*, 401 U.S. 37 (1971);  *Samuels v.Mackell*, 401 U.S. 66 (1971). *Younger* abstention is
10 required when:  (1) state proceedings, judicial in nature, are pending;  (2) the state proceedings
11 involve important state interests;  (3) the state proceedings afford adequate opportunity to raise
12 the constitutional issue. *Middlesex Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432
13 (1982).
14       The *Younger* elements have been met here.  There is an ongoing state judicial proceeding,
15 evidenced by the fact that Ewing is trying to remove that state proceeding to federal court.  As to
16 the second factor, the State of Washington has a substantial interest in the fair administration of
17 child custody and parental rights proceedings. *See Moore v. Sims,* 442 U.S. 415, 427 (1979);
18 *Leidel v. Juvenile Court of Madison Cnty.,* 891 F.2d 1542, 1546 (11th Cir. 1990); *Williams v.*
19 *Shockley*, 2013 WL 4804757 *3 (D. Del.).  Finally, the state court proceedings provide Ewing
20 with the opportunity to raise his constitutional issues.  Based on these factors, the court must
21 abstain from exercising jurisdiction over Ewing's claims under the *Younger* abstention doctrine.
22       In the event the ongoing state proceeding concludes, or to the extent that it already has
23 concluded, the *Rooker-Feldman* doctrine further precludes this court from exercising
24

jurisdiction. The *Rooker-Feldman* doctrine precludes lower federal courts from exercising appellate jurisdiction over final state-court judgments. *Lance v. Dennies,* 546 U.S. 459, 463 (2006). Jurisdiction over appeals from state courts lies beyond the original jurisdiction of federal district courts. *See Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415-16 (1923). This jurisdictional bar extends to particular claims that are inextricably intertwined with those a state court has already decided. *District of Columbia Court of Appeals v. Feldman*, 460 U.S.462, 486-87 (1983).

Here, it is logical that Ewing's entire removal is "inextricably intertwined" with the state proceedings that he is attempting to remove. Ewing is thus bound by the judgment of the state court proceedings, and any appeal of that judgment lies beyond the original jurisdiction of this court.

*Conclusion.* Ewing's application to proceed *in forma pauperis* should be denied based on the frivolousness of his application and removal. Because this court lacks and abstains from exercising removal jurisdiction, this case should be remanded to state court.

*IFP on Appeal.* In the event that Ewing appeals this order, and/or appeals dismissal of this case, IFP status should be denied by this court, without prejudice to Ewing to filing in the Ninth Circuit U.S. Court of Appeals an application to proceed *in forma pauperis*.

Therefore, it is hereby

**ORDERED** that Defendant's application to proceed *in forma pauperis* (Dkt. 1) is **DENIED**, and this case is **REMANDED** to the Superior Court of Washington in and for the County of Kitsap. In the event that plaintiff appeals this order, IFP status is **DENIED** by this court, without prejudice to Defendant to filing in the Ninth Circuit U.S. Court of Appeals an application to proceed *in forma pauperis*.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 21st day of October, 2013.

*[signature]*

ROBERT J. BRYAN
United States District Judge